UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARLYN J. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-CV-358 RLM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Marlyn J. Barnes, a pro se prisoner, filed a complaint seeking records from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. He makes this request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. A court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In United States v. Barnes, 1:06-CR-23 (N.D. Ind. filed May 24, 2006), Mr. Barnes was convicted of conspiracy to possess cocaine with the intent to distribute. The conspiracy was "to steal a local dealer's stash of drugs." United States v. Barnes, 602 F.3d 790, 792 (7th Cir. 2010). What he didn't know at the time was that one of the "conspirators" was a

federal agent and there were no drugs to be stolen. "This conspiracy involved a fake shipment of drugs traveling from Texas to Fort Wayne, Indiana." Id.

Mr. Barnes now asks the Bureau to provide information about "the source of the drugs alleged at trial [as] a person identified as 'Oodles' and an associate identified as 'Junior.'" DE 1 at 4. Mr. Barnes knows (and has known for more than a decade), that it was a "fictional drug shipment . . .." United States v. Barnes, 602 F.3d 790, 793 (7th Cir. 2010). He knows that "no such shipment existed." United States v. Barnes, 660 F.3d 1000, 1002 (7th Cir. 2011). He knows that Oodles and Junior were as fictional as the drugs they were described as shipping. Asking for information about them is a malicious attempt to force the government to waste resources defending a meritless lawsuit.

For these reasons, the court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because it is malicious; and

(2) **NOTIFIES** Marlyn J. Barnes that this case qualifies as a strike pursuant to 28 U.S.C. § 1915(g).

SO ORDERED.

ENTERED: October  17 , 2016

                                                  /s/ Robert L. Miller, Jr.  
                                                Judge,  
                                                United States District Court